Harris, J.,
delivered the opinion of the Court.
The charge in the indictment against the plaintiff in error, is as follows: After setting out eve^thing necessary in the preceding pai’t of the indictment, it proceeds to charge that “a certain James Bloomer, late of said county, laborer, heretofore, to-wit, on the 1st day of November, 1852, with force and arms at, to-wit, in the county aforesaid, did then and there unlawfully make an assault, on the body of one John Minor, in the peace of the State then and there being, and other wrongs and injuries to the said John Minor then and there did, to the great damage of the said John Minor,” &c.
To this indictment the defendant plead “ Not guilty;” upon which an issue Was taken and submitted to a jury.
The proof shows substantially, that the defendant met Minor in the road, and asked him to get off of his horse, which he did. He then asked Minor for a marriage license, which he suspected him to have. Minor denied having the license. Bloomer, the defendant, then told him if he did not give up the license he would cut his throat, having his open knife *68 in bis band and being within striking distance. Thereupon Minor took the license from bis pocket and gave them up to Bloomer.
Defendant offered to prove that John Minor was the brother of Wilson Minor, who had abducted the niece of the defendant for the purpose of marrying her, and that said Minors were free persons of color within the degrees prohibited by the statute from intermarrying with white persons, and that the young lady abducted, was white and an infant of tender years. Upon objection made by the Attorney General, this proof was rejected by the Court. . The jury found the defendant guilty. Motions for a new trial and in arrest of judgment were made, and overruled by the Court, and a judgment for a fine of one cent, and costs was rendered, by the Court, to reverse which an appeal in the nature of a writ of error is prosecuted to this Court. Ills Honor, the Circuit Judge, charged the jury that “ an assault is the attempt or offer to do violence to the person of another, coupled with a present ability to do so. If one draw his fist in striking distance of another, in anger, this is a familiar illustration of an assault. A man may also be guilty of an assault, by illegally detaining the person of another. If you are satisfied from the proof that the defendant met Minor in the road, and by means of threats or otherwise stopped him, and in consequence of such conduct on the part of the defendant, Minor was stopped and not permitted to pass along the public highway as he had the right to do, this would be an illegal imprisonment, and in law an assault on the part ‘of the defendant, *69 for every illegal imprisonment of the person of another is an assault.”
The above embraces all the material principles laid down in the entire charge, and the first question is, are they correct? We think they are. They are sustained by the decision of this Court in the case of Smith vs. The State. 7 Hum. 43. Also in New York, Hays vs. The People. 1 Hill. Rep. 351. Waterman’s note 15, 2 Arch’b. 282-2-4: 1 Hawk. P. C. 60, S. 7: 4 Black. Comm. 218.
We do not think the Court erred in rejecting the evidence offered by the defendant. For, however laudable his purposes may have been, there is no pretence that these facts, if proved, would amount in law, to a justification for an assault.
There was no error in refusing to set- the verdict aside and grant the defendant a new trial, to enable him to put in a plea in abatement to the indictment, upon the facts disclosed in his affidavit, for two reasons. One is, after plea and verdict it is too late to apply for leave to plead in abatement, and especially, as in the present case, when all the newly discovered facts upon which he seeks to predicate his plea, have been all the time upon the record, of which he was bound to take notice. But, in the second place, we do not think the facts set forth in the affidavit would sustain a plea in abatement. To concede that one of the witnesses who was sworn and sent before the grand jury was incompetent, there were other competent witnesses also sworn and sent, and with the obligations of secrecy which are thrown round the proceedings of a grand jury, we are at a *70 loss to see how it could be shown that an indictment was found upon the evidence of any one witness.
The remaining question as to the sufficiency of the indictment, raised by the motion in arrest,' is not free from difficulty. The charge is, that the defendant did then and there unlawfully “ make an assault upon the body of one John Minor,”'and other “wrongs and injuries to the said John Minor then and there did,” &c. Now, the question is, - is this a sufficient description of the offence? Or, should the indictment also set out the particular acts of the defendant, which in law, constitute the offence ? It is insisted for the State, that the words, “ did unlawfully make an assault upon Minor,” ex m termini, mean that he made an attempt or offer to do violence to his person, coupled with a present ability to do so, and that the charge is sufficient.
It is also insisted that the indictment must set forth the nature of the accusation with sufficient clearness to answer three purposes: 1st. For the information of the defendant, that he may know with what offence he is charged, so as to enable him to prepare to defend the same. 2d. For the information of the Court, that it may see a definite offence on record, to ■which to apply the judgment and the punishment which the law prescribes. 3d. For the protection of the defendant against another prosecution for the same offence; and it is argued that all these purposes are sufficiently subserved by the language of the indictment in this case.
It has. been held in Maryland, that in an indictment for an assault wdth intent to murder, it is not *71 necessary to state the means used to - effect the purpose. “ The facts and circumstances showing the murderous intent, are matters of evidence for the jury, but need not be stated in the indictment.” 2 Archb’d. notes 262-2. . This authority is directly in point, and although we might not be ready to adopt it in a case of felony, we think it at least safe to do so in a case of mere misdemeanor.
According to the English practice, every objection to an indictment for any formal defect, apparent on the face thereof, shall be taken by demurrer, or motion to quash, before the jury shall be sworn and not afterwards. 1 Archb’d. 178-33. Should this practice be adopted in this State, which at present we do not think proper to decide, we can see no reason why it should not apply, even, with more force to substantial than mere formal objections.
We think there is no error in the proceedings and.judgment of the Circuit Court, and affirm the judgment.